UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BORMUTH,

    Plaintiff,

v.                                 Case No. 12-11235

CITY OF JACKSON, et al.,

    Defendants.
                                   /

**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE OR DISQUALIFY**

On March 23, 2012, Plaintiff Peter Bormuth, who is proceeding pro se, filed a motion asking this judge to recuse or disqualify himself under 28 U.S.C. §§ 144 and 455(a).[1] Defendant City of Jackson filed a response on April 9, 2012, and the court determines a hearing to be unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will deny the motion.

Plaintiff alleges that this judge should be disqualified or recuse because he is a "professed Christian" and he was a "career prosecutor" before taking the bench. (Pl.'s Mot. Recuse 3.) Plaintiff asserts that, because he is a professed animist and pagan and his case involves claims of religious discrimination grounded in his "intelligent and relentless criticism of Christianity," (*id.*), this judge's own religious beliefs prejudice him against Plaintiff. Furthermore, Plaintiff asserts that this judge, as a former prosecutor,

---

[1] Although Plaintiff throughout his motion cites subsection (b)(2), not subsection (a), of 28 U.S.C. § 445, he actually relies upon the language of subsection (a). (*See* Pl.'s Mot. Recuse 3, Dkt. # 3.) The court therefore construes Plaintiff's motion as one under 28 U.S.C. § 445(a). *Cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting filings by pro se parties are held to "less stringent standards than formal pleadings drafted by lawyers").

cannot be impartial regarding Plaintiff's "retaliatory discrimination charge against a City Prosecutor" who will be called as a witness in the case. (*Id.*) To support these charges, Plaintiff references undocumented "[c]omments from lawyers who have argued before the Judge" and who allegedly report: "he is extremely government-oriented"; "he heavily favors prosecutors"; and "he is the most, or second most, conservative judge [in the Eastern District of Michigan]." (*Id.* at 3-4.)

As a first matter, the motion presented to the court lacks the statutorily required documentation to proceed under 28 U.S.C. § 144. That provision allows a litigant to seek recusal by "fil[ing] a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Plaintiff has filed no such affidavit, and so recusal under § 144 is not warranted. *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003); *United States v. Sammons*, 918 F.2d 592, 598-99 (6th Cir. 1990).

28 U.S.C. § 445(a), on the other hand, requires a judge *sua sponte* to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 445(a); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994). In well-established case law of the Sixth Circuit, recusal is mandated on this basis "if a reasonable, objective person, knowing all the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Sammons*, 918 F.2d at 599 (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)).

Plaintiff has not alleged sufficient facts that would lead a reasonable, objective person to question this judge's impartiality. Rather, Plaintiff points to a few biographical tidbits—religion—and professional background—former employment—as found in on-line publications about the federal judiciary. Neither attribute is unusual amongst the judges of this bench (as far as the undersigned knows, every one of his colleagues in the Eastern District of Michigan came to the bench with *some* variety of religious background). Plaintiff then draws the conclusion that a judge's religious or professional background inevitably constitutes the kind of inherent bias that serves as an improper influence in adjudicating cases. If Plaintiff's argument were valid, no judge who had previously been a criminal prosecutor or criminal defense attorney could properly sit on criminal cases; no judge who had handled personal injury or products liability cases, either for plaintiffs or defendants, could preside over similar civil cases. And, the court imagines, no appellate judge who had once been a trial court judge could properly sit in review of trial court decisions.

The only "evidence" Plaintiff presents to support his argument comprises what he says are remarks attributed to unidentified individuals that he alleges have appeared before this judge in the past. Even assuming that these comments were made as represented, they amount to no more than "conclusions, rumors, beliefs, and opinions" that cannot justify recusal. *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990) (alteration and internal quotation marks omitted). The court sees no reason for disqualification from the instant proceedings. *Cf. Youn*, 324 F.3d at 422-23 (holding accusations of racism are not grounds for recusal). Even when considering

3

the interesting opinion poll Plaintiff offered,[2] the court does not believe any realistic semblance of judicial bias has been presented.  Plaintiff, in his complaint, speaks of how he learned the "importance of taking the inner world of the imagination seriously." (Compl. 2, Dkt. # 1.)  Plaintiff's imagination, the court observes, is in this instance overwrought.

Finally, the court reminds Plaintiff that he has filed a jury demand in this case. This means that while the undersigned judge will evaluate legal issues, any required determination relative to the credibility of Plaintiff's version of the facts—or his view of the world, if it comes to that—will be made by the people Plaintiff interacts with on a day-to-day basis: his fellow citizens.  Accordingly,

IT IS ORDERED that Plaintiff's motion to recuse or disqualify [Dkt. #3] is DENIED.

   s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 31, 2012

---

[2]Plaintiff sought to test the validity of his arguments for recusal by conducting a poll at his "local watering hole," where he interviewed "a tile layer, a truck driver, a bookkeeper, and a bartender." (Pl.'s Mot. Recusal 4.)   After hearing Plaintiff's tale, they each opined that there was "no chance" a person with the undersigned judge's background could provide "a fair and impartial [trial]."  (*Id.*)  An interview of friendly acquaintances who hear only one side of a contentious story told directly by one of the interested parties, although an inventive and no doubt entertaining effort, seems very unlikely to be a prize-winning proof of the objective-person standard identified in *Liteky* and *Hughes.*

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2012, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522