UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BORMUTH,

    Plaintiff,

v.                                          Case No. 12-11235

CITY OF JACKSON, et al.,

    Defendants.
                                       /

## ORDER DENYING PLAINTIFF'S "MOTION TO AMEND/CORRECT ORDER ON MOTION FOR RECUSAL"

Shortly after initiating this civil rights suit, Plaintiff, who is proceeding pro se, filed a motion asking this judge to recuse himself because his religious background (Christian) and former profession (criminal prosecutor) bias him against Plaintiff (a pagan and animist alleging, among other claims, discriminatory prosecution). The court denied the motion on May 31, 2012, concluding that Plaintiff had not "alleged sufficient facts that would lead a reasonable, objective person to question this judge's impartiality." (Order Den. Pl.'s Mot. Recuse 3, May 31, 2012, Dkt. # 14.) Plaintiff now challenges this judge's decision not to recuse himself in a June 11, 2012 "Motion to Alter Under Fed. R. Civ. Pro. Rule 59(e)"—docketed as a "Motion to Amend/Correct Order on Motion for Recusal"—which the court construes as a motion for reconsideration. See E.D. Mich. LR 7.1(h). Because Plaintiff again fails to present credible evidence of this judge's supposed bias or prejudice against him, the court will deny the motion.

To obtain reconsideration of a court order, a movant must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled," the correction of which "will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co. v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008) (citing *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

Plaintiff's renewed request for recusal is based upon "new evidence of lack of impartiality" that supposedly "concretely shows bias or prejudice by the Judge." (Pl.'s Mot. Amend/Correct 3, Dkt. # 19.) To this end, Plaintiff submits an affidavit recounting a June 8, 2012 telephone call he had with the court's case manager. During the call, Plaintiff informed the case manager that he would like to file an amended complaint in response to Defendant City of Jackson's recently filed motion to dismiss. The case manager advised Plaintiff that the court would be holding a scheduling conference within two weeks and, because Plaintiff no longer had the ability to amend his complaint as of right under Federal Rule of Civil Procedure 15, he may want to wait to file a motion to amend until he can confer with the court and defense counsel at that conference. When Plaintiff insisted that he, in fact, had until June 19, 2012, to amend his complaint as a matter of course, the case manager allegedly told him "we cannot give you legal advice but I cannot say how the Judge will receive it." (Bormuth Aff. ¶ 13, Dkt. # 19, at 9-11.) Plaintiff argues in his motion that this exchange amounts to "attempted

intimidation" aimed at discouraging him from amending his complaint. (Pl.'s Mot. Amend/Correct 4.)[1]

Plaintiff's contention that the court is using "procedural rules . . . to his detriment . . . in order to prejudicially impair or remove [his] case" is completely unfounded and based on Plaintiff's misinterpretation of Rule 15. That provision provides, in pertinent part:

> **(1) *Amending as a Matter of Course*.** A party may amend its pleading once as a matter of course within:
>
> . . .
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(B). In this case, Plaintiff filed his complaint on March 20, 2012. Defendant City of Jackson filed an answer on April 9, 2012, and Defendants Jackson Community College and John Yohe filed an answer on April 12, 2012, after which Defendant City of Jackson filed a motion to dismiss under Rule 12(b)(6) on May 30, 2012. Therefore, Plaintiff's twenty-one day period for amending his complaint as of right began with the filing of Defendant City of Jackson's answer on April 9, 2012, and expired on May 3, 2012. This period did not start anew when Defendant City of Jackson filed a motion to dismiss, as the plain language of Rule 15(a)(1)(B) confines a litigant's opportunity to amend as a matter of course to twenty-one days after service of *either* a responsive pleading *or* a Rule 12(b) motion, *whichever is earlier*. While the

---

[1] Plaintiff also raised this concern in a letter dated June 11, 2012. (*See* Letter from Peter Bormuth, Dkt. # 20; *Ex Parte* Request to Reschedule Scheduling Conference, Dkt. # 22.)

court understands how easy it is for a pro se litigant to misunderstand the time-counting mechanisms of the Federal Rules, Plaintiff is simply incorrect in his view that he may now amend his complaint under Rule 15(a)(1)(B).

Of course, Plaintiff might still amend his complaint "with the opposing party's written consent or the court's leave," which would necessitate the filing of a motion to amend. *See* Fed. R. Civ. P. 15(a)(2). Hence, the court's case manager suggested to Plaintiff, as she would to any pro se litigant, that it might be helpful to get the court's guidance on how to proceed at the scheduling conference before filing something that the court may consider improper. This comment in no way prejudiced Plaintiff's case; rather, it prejudiced Plaintiff's erroneous view that he could utilize Rule 15(a)(1)(B) to amend his complaint at this juncture. As this and other courts have often warned, a pro se litigant proceeds at his own risk of ignorance or unfamiliarity of the law. *See, e.g.*, *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) ("The law is replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements." (collecting cases)). The June 8, 2012 communication with Plaintiff was premised on the correct application of the Federal Rules to Plaintiff's case, not bias or prejudice against Plaintiff. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Amend/Correct order on Motion for Recusal" [Dkt. # 19] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 14, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 14, 2012, by electronic and/or ordinary mail.

                                           s/Lisa Wagner  
                                           Case Manager and Deputy Clerk  
                                           (313) 234-5522