**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PETER BORMUTH,

       Plaintiff,

v.                                                                         Case No. 12-11235

CITY OF JACKSON, et al.,

       Defendants.

                                /

**ORDER DENYING PLAINTIFF'S "MOTION TO ALTER
UNDER FED. R. CIV. PRO. RULE 59(e)"**

Before the court is pro se Plaintiff Peter Bormuth's "Motion to Alter Under Fed. R. Civ. Pro. Rule 59(e)," which requests once again that this judge reconsider his prior decision not to recuse himself from this action. *See* Fed. R. Civ. P. 54(b); E.D. Mich. LR 7.1(h). The court has already twice declined to take this action for reasons thoroughly explained in the order denying Plaintiff's original motion to recuse and the order denying Plaintiff's first motion for reconsideration. Plaintiff's third attempt to present credible evidence of this judge's supposed bias or prejudice against him is no more successful, and the court will deny this second motion for reconsideration.

Enough ink has been spilled on this matter already, so the court will not go into extensive detail explaining why Plaintiff's supposed "new evidence of prosecutorial misconduct and new evidence of judicial prejudice" amounts to nothing more than a rehashing of arguments previously rejected by the court. (Pl.'s Mot. Alter 3, Dkt. # 30.) The alleged misstatements of fact and inappropriate arguments that Plaintiff attributes to the city attorney who prosecuted him for trespassing lend no additional credence to

Plaintiff's argument that this judge's former position as a prosecutor makes it impossible

to fairly and impartially consider Plaintiff's claim of malicious prosecution.  General

allegations that a judge's prior employment history predisposes him to rule in favor of

one party or another are little more than a baseless attack on the integrity of the

judiciary.  Such averments certainly do not justify recusal.  (*See* Order Den. Pl.'s Mot.

Recuse 3, May 31, 2012, Dkt. # 14.)

Even more baffling to the court is Plaintiff's assertion that the steps it took to

accommodate Plaintiff's preferences for the date of the scheduling conference

somehow evidence judicial bias.[1]  Contrary to Plaintiff's "belie[f]s" about the "normal

pattern for scheduling in Federal Court," (Pl.'s Mot. Alter 5), the court is not required to

consider an attorney's or a pro se litigant's outside obligations, personal or professional,

when making scheduling decisions, *see* E.D. Mich. LR 16.1(a) ("All pretrial conferences

shall be held as ordered by the Judges having jurisdiction of each case, with reasonable

notice of the time thereof given to counsel or any party without counsel.").  The court

will, of course, take into account reasonable scheduling requests, *as it did in this case*.

But Plaintiff is entirely unable to sustain a claim of judicial prejudice based on his

mistaken belief that he is entitled to dictate every scheduling decision based on which

---

[1]On June 11, 2012, Plaintiff alerted the court as to his concerns regarding the date originally set for the scheduling conference, June 21, 2012, which fell one day prior to his criminal trial for the trespass charges related to this complaint. (Pl.'s *Ex Parte* Req. 1, Dkt. # 22.)  Plaintiff complained that he "was planning on using that day to prepare for trial and to develop [his] cross examination strategy and to memorize certain statutes and case law." (*Id.*)  The court took notice of Plaintiff's concerns and rescheduled the conference for June 19, 2012.  Plaintiff again protested, this time asserting that June 19 is a holy day in his religion.  The court rescheduled the conference, for a second time, to a date that fell after Plaintiff's criminal trial.

days are convenient for him, especially when Plaintiff was successful in both of his

requests for rescheduling.  The court's treatment of Plaintiff has been consistent with its

approach to any other pro se complainant, and the fact that the management of this

litigation does not always align with Plaintiff's misguided beliefs about how the Federal

Rules of Civil Procedure operate is not evidence of judicial bias.  (*See* Order Den. Pl.'s

Mot. Amend/Correct 4, June 14, 2012, Dkt. # 23.)

Plaintiff is certainly correct that he is entitled to an impartial and disinterested

tribunal in this action.  As the court has gone to great lengths to explain, however, this

does not mean that he is entitled to a judge who shares his personal or religious beliefs

or who has an employment history more to Plaintiff's liking.  In addition to a judge's duty

to recuse himself in appropriate situations, a judge also has an affirmative duty not to

disqualify himself unnecessarily.  *See In re United States*, 441 F.3d 44, 67 (1st Cir.

2006) ("The disqualification decision must reflect *not only* the need to secure public

confidence through proceedings that appear impartial, *but also* the need to prevent

parties from too easily obtaining the disqualification of a judge, thereby potentially

manipulating the system for strategic reasons, perhaps to obtain a judge more to their

liking." (internal quotation marks and alteration omitted)).  Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Alter Under Fed. R. Civ. Pro. Rule

59(e)" [Dkt. # 30] is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  July 9, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 9, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

C:\Documents and Settings\wagner\Local Settings\Temp\notesFCBCEE\12-11235.BORMUTH.ReconsiderationRecusalOrder2.th.set.wpd

4