**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PETER BORMUTH,

    Plaintiff,

v.                                                Case No. 12-11235

CITY OF JACKSON, et al.,

    Defendants.

                                                   /

**ORDER DIRECTING PLAINTIFF TO LIMIT
*EX PARTE* COMMUNICATIONS WITH COURT STAFF**

On July 23, 2012, July 25, 2012, July 28, 2012, July 30, 2012, and July 31, 2012, Plaintiff, who is proceeding *pro se*, sent numerous *ex parte* communications to the court's case manager. The court has caused the July 23rd email to be to be filed on the docket and attaches the remaining emails as exhibits to this order, so this correspondence is visible to other parties.

In each email, Plaintiff directs to the court's staff various requests for assistance and information, as well as complaints about the conduct of discovery and an alleged service error that prevented him from receiving some Defendants' answer to his amended complaint. To some extent, these communications also appear to seek legal advice concerning Plaintiff's case. (*See, e.g.*, 7/31/12 Email, Ex. I ("Would you please advise me on how the Court would recommend i proceed?").) Plaintiff's emails also contain requests for court actions. (*See, e.g.*, 7/30/12, 2:36 p.m. Email, Ex. E ("My allegations must be admitted by the Court by default.").)

Although the court understands that *pro se* litigants often face unique challenges in navigating the procedural requirements of the Federal Rules, Plaintiff should note that it is inappropriate to raise substantive objections regarding his case in informal, *ex parte* communications with the court's staff.  Moreover, neither the court nor the court's staff can, under any circumstances, provide any attorney or litigant with legal advice on case-management decisions.  Such determinations must be made according to a litigant's or his representative's independent interpretation of the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan, in consultation with the opposing party or counsel when required.  *See* E.D. Mich. LR 7.1(a).

Moreover, the court cautions Plaintiff that, even though he is not an attorney, he is nonetheless bound to observe basic principles of decorum and civility when conducting this litigation.  *See* E.D. Mich. LR App'x Civility, *available at* http://www.mied.uscourts.gov/Rules/Plans/08-AO-009.pdf.  The July 23rd email contained a condemnation of opposing counsel and the court's staff for their perceived[1] adherence to Christian beliefs.  This is utterly inappropriate.  The court will not tolerate any similar such behavior in future filings or communications with the court, the court's staff, or opposing parties.  If it continues, Plaintiff may properly be subject to a motion for sanctions or held in contempt of court.  Accordingly,

---

[1] It appears that when Plaintiff disagrees with the actions taken by a member of the court's staff or opposing counsel, he often reacts by suggesting, in terms that he intends to be seen as insulting to the recipient, that the action with which he disagrees was motivated by Christian principles or beliefs. Such accusations are as groundless as they are insipid. As outlined in the body of this order, they will cease.

IT IS ORDERED that Plaintiff shall forthwith refrain from initiating *ex parte* communications with the court's staff concerning substantive arguments, objections, or requests for court action that he wishes to make in this litigation.  Plaintiff should limit his informal communications with the court's staff to routine inquiries that do not require the dispensation of legal advice, for example, requests to confirm scheduled hearing dates or case deadlines.

      s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522