**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PETER BORMUTH,

    Plaintiff,

v.                                               Case No. 12-11235

CITY OF JACKSON, et al.,

    Defendants.
                                                      /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS CLAIMS
VOLUNTARILY, DENYING DEFENDANTS' MOTION FOR CLARIFICATION,
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Proceeding *pro se*, Peter Bormuth sues the City of Jackson, Michigan; Jackson Community College; a dean and an instructor at JCC; two Jackson police officers, and a Jackson city attorney, for alleged wrongs arising from Bormuth's failed attempt to perform at a JCC poetry reading. The pertinent facts appear in orders issued November 13, 2012, and January 17, 2013. (Dkts. ## 81 at 2-4; 86 at 1-2.) Bormuth moves to dismiss without prejudice some of his claims against JCC and its dean (together, "JCC"). Jackson, the police officers, and the city attorney (together, "Jackson") move for clarification of the November 13, 2012, order. Both matters are fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2).

Bormuth asserts that JCC's counsel was uncooperative during discovery. Because of counsel's obstruction, says Bormuth, no record evidence reveals religious discrimination by JCC. Purportedly the victim of what he calls "unethical behavior," Bormuth asks to drop his religious discrimination claims against JCC with leave to raise

them in a new lawsuit.  Although Bormuth proceeds under Federal Rule of Civil Procedure 41(a), a plaintiff's attempt to dismiss voluntarily and without prejudice fewer than all his claims "is more properly viewed as a Rule 15 amendment to the complaint." *Mngmt. Investors v. Utd. Mine Workers of Am.*, 610 F.2d 384, 394-95 (6th Cir. 1979); *Baker v. City of Detroit*, 217 F. App'x 491, 496-97 (6th Cir. 2007).  In any case, neither Rule 15 nor Rule 41 allows Bormuth to preserve claims for later to the material disadvantage of JCC.  *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 459 (6th Cir. 2013) (Rule 15(a)); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2364, pp. 774-76 (3d ed.) (Rule 41(a)).

     A plaintiff who does not receive due discovery from the defendant may, and should, move to compel under Rule 37.  Failing to do so, and being left with no evidence, might place him in a difficult position but does not justify a do-over of the litigation.  A party who mishandles his discovery enforcement options is simply stuck with the results, and must see the action through to whatever conclusion is warranted.  A plaintiff would enjoy a gratuitous advantage if he could preserve a claim despite such failure.  *Cf. Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 71-72 (2d Cir. 1967) (Friendly, J.).  Bormuth says the possibility of incurring a financial penalty under Rule 37 financial penalties "intimidated" him.  That is not a valid excuse for failing to move to compel, any more than a fear of speech is an excuse for failing to cross-examine a witness.  Nor is Bormuth helped by his *pro se* status, which confers no extraordinary privilege.  See *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003).  Moreover, Bormuth's request to preserve the claims for religious discrimination arrives only after the court stated: "The available evidence . . . suggests strongly [that

Bormuth's ejection from the poetry reading] had nothing to do with Bormuth's poetry or religion or anti-religion." (Dkt. # 81 at 7-8.) Bormuth, having seen the writing on the wall, seeks to depart in peace, but lie in wait. Not only is he attempting to avoid an adverse judgment, his argument for doing so is his failure to press for discovery. But a plaintiff may not dismiss without prejudice merely because he faces an adverse judgment or because he has failed to prosecute diligently. *See Minn. Mining & Mfg. Co. v. Barr Labs.*, 289 F.3d 775, 783-84 (Fed. Cir. 2002); *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996); *Local 472 of Utd. Ass'n of Journeymen v. Ga. Power Co.*, 684 F.2d 721, 724-25 (11th Cir. 1982); *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

Jackson's motion for clarification seeks to dismiss Bormuth's state law claims against Jackson, the two police offers, and the city attorney, on the ground that probable cause supported Bormuth's October 25, 2011, arrest. Bormuth, however, asserts no state law claim against Jackson or the police officers, (Dkt. # 84), and Jackson apparently has not addressed the state law claim—for discrimination—against the city attorney. The motion serves no useful purpose.

The November 13 order directed Bormuth to "submit a paper of no more than three pages specifying each claim he asserts against each Defendant." (Dkt. # 81 at 10.) Bormuth followed this simple direction; he submitted a paper that, he said, "specif[ies] *each* claim he asserts against each defendant." (Dkt. # 84 at 2 (emphasis added).) The paper displays no sign of incompleteness. In his response to the motion for clarification, Bormuth attempts to raise new state law claims; he says he could not fit the claims into his three-page list. But the list neglects to mention the omission of

claims, contains large indents and generous spacing between paragraphs, and occupies only two-and-a-half pages. Bormuth's account is not credible.

Beyond the merits of the pending motions, the court sees that Bormuth's impertinent asides continue to grow more strident and, unfortunately, again need to be addressed. Most recently, Bormuth in his response to Jackson's motion accuses the presiding judge of misconduct in his former position, while prosecuting a criminal case in 1987. "Apparently," Bormuth adds, "the habit of prosecution dulls sensitivity to due process." (Dkt. # 90 at 5.) He calls, again, for recusal. In fact, no prosecutorial misconduct occurred in the case Bormuth raises. *See Freeman v. Trombley*, 483 F. App'x 51, 60-64, 66 & n.7 (6th Cir. 2012). And, whether it did or did not, no connection exists between a trial that occurred more than a quarter-century ago and the present action. Only someone with an unnatural craving for connections would think that a case that old, from a different court, involving different litigants and different law, informs the present action. It is fair to call the reference gratuitous. Bormuth continues also to offhandedly accuse the presiding judge of harboring "bias" and "prejudice" against him and of showing "favoritism" to the opposing parties. In his brief in support of voluntary dismissal, he characterizes the court's agreement with his emphatic rejection of humility (in favor of pride) as a "rebuke," (Dkt. # 86 at 4), and then devotes almost 20% of his brief to both an irrelevant exultation of what he purports are pagan beliefs and a corresponding, irrelevant derogation of what he supposes are opposing Christian beliefs.

Bormuth must resist the apparently strongly-felt temptation to succumb to distraction and attend instead to the matters properly at hand. If he maintains his

present trajectory, and continues to inject into the record venomous, irrelevant, and gratuitous commentary, sanctions await. *See, e.g.*, *In re First City Bancorporation of Texas Inc.*, 282 F.3d 864 (5th Cir. 2002) (affirming $25,000 sanction to deter inappropriate behavior after attorney was "repeatedly urged [ ] not to engage in personal attacks"); *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1320-22 (11th Cir. 2002) (sanctions affirmed against attorney who filed documents "saturated with invective directed at opposing counsel . . . [and] pervaded with rude, demeaning remarks about opposing counsel's physical traits and demeanor . . . for the purpose of deliberately provoking unnecessary personal animosity and conflict between opposing counsel and for the purpose of creating an unjustified and false impression that the opposing legal positions of the parties were the result of racism on the part of [opposing] counsel"). Accordingly,

IT IS ORDERED that the motion to dismiss voluntarily [Dkt. # 87] is DENIED. Because Bormuth concedes that no evidence suggests religious discrimination by JCC or its dean, Todd Butler, each claim for religious discrimination against JCC or Butler is DISMISSED WITH PREJUDICE. By **May 27, 2013**, Bormuth must SHOW CAUSE, in a brief of no more than twenty pages, why a similar lack of evidence does not defeat each claim for religious discrimination against John Yohe, the JCC poetry instructor; the City of Jackson; and Gilbert Carlson, the Jackson city attorney.

IT IS FURTHER ORDERED that the motion for clarification [Dkt. # 89] is DENIED.

      s/Robert H. Cleland             
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 9, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 9, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner                 
Case Manager and Deputy Clerk
(313) 234-5522