**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PETER BORMUTH,

    Plaintiff,

v.                                                       Case No. 12-11235

CITY OF JACKSON, et. al.,

    Defendants.
                                             /

**OPINION AND ORDER DISMISSING CLAIMS
AND SETTING STATUS CONFERENCE**

Proceeding *pro se*, Peter Bormuth sues the City of Jackson, Michigan; Jackson Community College; a dean and an instructor at JCC; two Jackson police officers, and a Jackson city attorney, for alleged wrongs arising from Bormuth's failed attempt to perform at a JCC poetry reading. The pertinent facts appear in orders issued November 13, 2012, and January 17, 2013. A May 9, 2013, order directed Bormuth to show cause why his religious-discrimination claims against the JCC instructor, John Yohe; Jackson; and the Jackson attorney, Gilbert Carlson, should not be dismissed for lack of evidence.

Bormuth responds, (Dkt. # 96), conceding that the record does not support an action for religious discrimination against Yohe, (Dkt. # 96, Pg ID 1560), and that he alleges no facts suggesting discrimination by Jackson. Bormuth raises factual allegations against Carlson but fails to cite supporting record evidence. A party asserting that a material fact is genuinely disputed must "[cite] to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *see also* Fed. R. Civ. P. 56,

advisory committee's note (2010) ("Materials that are not yet in the record—including materials referred to in an affidavit or declaration—must be placed in the record."). Bormuth has failed to do so here.

Even if Bormuth cited evidence in the record, his religious-discrimination claims against Carlson would fail. Bormuth alleges that Carlson filed a trespassing charge against Bormuth in bad faith, delayed Bormuth's arraignment, used a police bodyguard "to cast a suspicion of violence around" Bormuth, and wrongly speculated that Bormuth had sought his own arrest. (Dkt. # 96, Pg ID 1571.) Because Carlson's alleged conduct connected directly to beginning and prosecuting a criminal action, Carlson enjoys absolute immunity. *See Adams v. Hanson*, 656 F.3d 397, 402 (6th Cir. 2011); *Fox v. Van Oosterum*, 176 F.3d 342, 353 (6th Cir. 1999). In any event, Bormuth never attempts to establish that Carlson's alleged conduct was based on religion. Bormuth asserts merely that at some point he sent the Jackson city attorney's office a letter identifying himself as a "Pagan and Animist." (Dkt. # 96, Pg ID 1566.) Assuming Carlson knew Bormuth's religion, still, nothing in the record suggests Carlson ever acted *because* of Bormuth's religion. *See Meyer v. Center Line*, 619 N.W.2d 182, 188 (Mich. Ct. App. 2000). Each of Bormuth's religious-discrimination claims fail. Accordingly,

IT IS ORDERED that each religious-discrimination claim against Yohe, Jackson, and Carlson is DISMISSED WITH PREJUDICE. The only claim that remains is Bormuth's 42 U.S.C. § 1983 First-Amendment claim against Yohe, JCC, and the JCC dean, Todd Butler.

IT IS FURTHER ORDERED that a telephone status conference shall occur **July 25, 2013, at 12:00 p.m.**

        s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 15, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522